**GREER et, Plaintiffs, v. STIVER, Extrx. et, Defendants.**

Common Pleas Court, Montgomery County.

No. 111340.  Decided February 28, 1958.

Beigel & Mahrt, for plaintiffs.
Miller & Compton, for defendants.

## OPINION

By MILLS, J.

This cause comes on for consideration of the motion of the defendants, Geraldine Stiver, Russell G. Miller and Charles Melvin Miller, by their counsel, moving the court for an order dismissing the within action for want of jurisdiction of this court to hear such action for the reason that the mandatory provisions of §§2701.02 and 2741.09 R. C., controlling such actions were not complied with.

It appears that this action was filed on one day prior to the expiration of the six months period, which is the statute of limitations in the contest of will cases; summons was issued on said day against all persons, except Wanda Shaffer.

Sec. 2305.17 R. C., reads:

"An action is commenced within the meaning of §§2305.03 to 2305.22 inclusive, and §1307.08 R. C., as to each defendant, at the date of the summons which is served upon him or on a codefendant who is a joint contractor, or otherwise united in interest with him.  When service by publication is proper, the action is commenced at the date of the first publication, if it is regularly made.

"Within the meaning of such sections, an attempt to commence an action is equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt is followed by service within sixty days."

The court finds as a matter of fact that Wanda Shaffer is united in interest with codefendants except the executrix of the estate of Florence O'Brien, and therefore the action was commenced upon service of summons on other members of the same class as Wanda Shaffer.

In the case of **Draher v. Walters, 130 Oh St 92,** the court in passing on limitations of actions in the contest of wills and so forth says:

"Service of summons upon one of the legatee-devisee defendants, in an action to contest the validity of a will, is to be deemed commencement of the action as to each of the defendants of that class, and also the executor. Actual service of summons can thereafter be made upon the remainder of the defendants of that class."

The Draher v. Walters case is a Supreme Court case, and is followed in Frederick v. Brown, reported in 141 N. E. 2nd, 683, in a will case decided by Judge Collier, wherein the second syllabus reads as follows:

"Where a party to a will contest has been dismissed as a plaintiff, he may be made a party defendant, and where others in the same class have been properly served with summons, may be served after the six month period of limitation."

The court, therefore, overrules the motion of the defendants listed above, to dismiss this action for want of jurisdiction of this court.